UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

CHRISTIEN D. MARTIN,

        Plaintiff,

v.

ORSON CARDON et al.,

        Defendants.

_____/

Case No. 2:18-cv-173

Honorable Gordon J. Quist

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Cardon.

## **Discussion**

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The

events about which he complains occurred at the Duane Waters Hospital (DWH) and the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues DWH Oral Surgeon Orson Cardon and the following URF officials: Oral Surgeon John R. Downs and Correctional Officers Unknown Goings and Unknown MacDonald.

Plaintiff alleges that, in September 2015, he was admitted to DWH. Defendant Cardon performed surgery on Plaintiff to repair a mandible fracture. Repair of the fracture included the use of a surgical plate.

On May 3, 2017, Plaintiff was seen at URF for a routine tooth cleaning and examination. Because of the pain and swelling that Plaintiff was experiencing, x-rays were ordered and he was scheduled to see the oral surgeon. Review of the x-rays revealed that Plaintiff had an infection caused by the hardware in his mouth. Plaintiff was placed on long-term antibiotics for about a month, after which he was reevaluated by the oral surgeon at URF. Plaintiff was informed that the plate needed to be removed, in order to prevent additional infections and pain.

On July 27, 2017, Plaintiff was sent to War Memorial Hospital for the second surgery. Defendant Downs removed the screws and plate from Plaintiff's lower buccal vestibule. Plaintiff was returned to URF after the surgery. Defendant Downs, however, neither prescribed nor provided Plaintiff pain medication. Plaintiff suffered terrible swelling and pain for a day, until Defendant Downs responded to a nurse's contact and prescribed a three-day course of Ultram.

The nurse also provided Plaintiff a detail to return to health care for ice and pain medication, valid until August 1, 2017. However, on July 30, 2017, when Plaintiff went to the staff desk with his detail, Defendant Goings refused to allow Plaintiff to return to the medical unit. Plaintiff tried again an hour later. Defendant Goings told Plaintiff to come back after count time. When Plaintiff returned to the officer desk, Defendant MacDonald looked at the detail and told

2

Plaintiff that it had expired. Plaintiff pointed out that the detail was good until August 1, but both Goings and MacDonald refused to allow Plaintiff to go to health care, and they refused Plaintiff's request that they call health care to confirm. Plaintiff then asked to speak with a sergeant, and Defendants Goings and MacDonald told Plaintiff to wait to talk with a sergeant at the chow hall.

When Plaintiff got to the chow hall, he told the sergeant about the seriousness of his pain, and he asked to go to health care, showing the sergeant the detail. Plaintiff was authorized to return to the medical unit when "med lines" were called in his unit. Plaintiff alleges that he suffered six hours of delay in treating his serious pain, before being given ice and medication.

Plaintiff alleges that Defendant Downs was deliberately indifferent to Plaintiff's serious medical needs when he provided only a three-day prescription of Ultram. When the prescription ran out, Plaintiff repeatedly asked nurses for additional medication and ice, because he could not sleep because of the swelling and pain in his jaw and the serious headaches triggered by the condition of his jaw. The nurses told Plaintiff that he could not have additional medication or ice until after he saw Defendant Downs for a follow-up visit on August 3, 2017. As a result, Plaintiff suffered three additional days without pain relief.

When Plaintiff saw Defendant Downs on August 3, 2017, Downs prescribed a detail for an additional six days of medication and ice for pain management. Downs also issued Plaintiff Ensure, to supplement the nutrition Plaintiff was missing because he could not eat.

Plaintiff contends that, by using a surgical plate and screws to repair Plaintiff's jaw, Defendant Cardon committed medical malpractice and violated the Eighth Amendment. In addition, Plaintiff alleges that Defendant Downs committed malpractice and demonstrated deliberate indifference to Plaintiff's pain, both by not providing any pain relief after the surgery and by subsequently providing Plaintiff only a three-day course of such medication, leading to

significant suffering by Plaintiff. Further, Plaintiff alleges that Defendants Goings and MacDonald maliciously and sadistically denied him pain relief, in violation of the Eighth Amendment.

Plaintiff seeks declaratory relief, together with compensatory and punitive damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

4

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

IV. Defendant Cardon

Plaintiff contends that, by using a surgical plate to repair Plaintiff's jaw in 2015, Defendant Cardon committed medical malpractice and violated Plaintiff's Eighth Amendment rights.

**A. Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial

risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Saginaw Cty.*, 749 F.3d 437, 448 (6th Cir. 2014); *Perez v. Oakland Cty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Plaintiff's allegations fall far short of demonstrating deliberate indifference. Defendant Cardon clearly recognized Plaintiff's serious need for medical care and performed necessary surgery on Plaintiff in 2015. The fact that the surgical plate became infected in 2017 does not in and of itself support an inference Cardon's medical treatment in 2015 was deficient in any way – much less that the surgery was "so woefully inadequate as to amount to no treatment at all." *Mitchell*, 553 F. App'x at 605 (internal quotation omitted). Plaintiff's allegations therefore fail to state an Eighth Amendment claim against Defendant Cardon.

### B. Medical Malpractice

Plaintiff claims alleges that Defendant Cardon committed medical malpractice by using surgical plates to repair Plaintiff's jaw on September 23, 2015. Medical malpractice is a state-law claim, which is not actionable under § 1983. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, his complaint is time-barred. Michigan law contains several provisions governing the statute of limitations for medical malpractice, two of which are applicable here. Under Mich. Comp. Laws § 600.5805(8), the statute of limitations for medical malpractice claims is two years. *Id.* A claim for medical malpractice "accrues at the time of the act or omission that is the basis for the claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." Mich. Comp. Laws § 600.5838a(1). Plaintiff's claim,

8

therefore, accrued at the time of his surgery, September 23, 2015. Therefore, under Mich. Comp. Laws § 600.5805(8), Plaintiff had two years from the date of that surgery, or until September 23, 2017, in which to file his complaint. Plaintiff did not file his complaint until October 2018. His complaint, therefore, is time-barred under Mich. Comp. Laws § 600.5805(8).

Nevertheless, even where an action would not be timely under § 600.5805(8), a plaintiff may commence an action within six months after the plaintiff "knew or should have discovered the existence of the claim, whichever is later." Mich. Comp. Laws § 600.5838a(2). Plaintiff alleges that he learned that his jaw infection was caused by the surgical plate no later than May 2017, when he was told the results of the x-ray. He had six months, or until November 2017, in which to bring his action. Plaintiff did not file until October 2018, eleven months after the time for filing under Mich. Comp. Laws § 600.5838a(2) had expired.

Under both of the applicable provisions, therefore, Plaintiff's medical-malpractice claim is time-barred. As a result, Plaintiff fails to state a state-law claim for medical malpractice. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . .").

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Cardon will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.

Dated: November 29, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE