UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTIEN MARTIN #794831,

    Plaintiff,

v.

JOHN R. DOWNS, et al.,

    Defendants.

_____/

Case No. 2:18-CV-173

HON. GORDON J. QUIST

## ORDER ADOPTING REPORT AND RECOMMENDATION

    This is a civil rights action brought by state prisoner, Christien Martin, pursuant to 42 U.S.C. § 1983. Defendant John Downs moved for summary judgment on the merits. (ECF No. 27.) Defendants Brandon Goings and Mitchell MacDonald (the MDOC Defendants) also moved for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 32.) On December 30, 2019, U.S. Magistrate Judge Maarten Vermaat issued a thorough 20-page Report and Recommendation (R. & R.), recommending that the Court grant Defendant Downs' motion for summary judgment and deny the MDOC Defendants' motion for summary judgment. (ECF No. 44)

    The MDOC Defendants filed an objection to the R. & R. (ECF No. 45.) Upon receiving objections to the R. & R., the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de

novo review of the R. & R., the objections, and the pertinent portions of the record, the Court concludes that the R. & R. should be adopted.

The MDOC Defendants object to Magistrate Judge Vermaat's conclusion that a genuine issue of material fact exists as to whether Plaintiff exhausted his administrative remedies. As Judge Vermaat explained, Plaintiff filed one grievance related to his claims against the MDOC Defendants—URF-17-07-2303-17z. At Step I, the grievance was denied on the merits. At Step II, the grievance was rejected as untimely. At Step III, the grievance was denied.

The question is whether the Step III denial amounts to a decision on the merits. If yes, Plaintiff exhausted his administrative remedies. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th Cir. 2010). If no, Plaintiff did not exhaust his administrative remedies. As Magistrate Judge Vermaat correctly concluded, whether the Step III denial is a decision on the merits is a genuine issue of material of fact. The MDOC Defendants claim that the denial was simply a denial of the appeal of the Step II rejection and not a decision on the merits. This argument is reasonable. But the fact that the grievance was "denied" and not "rejected" and that the grievance denial states that Plaintiff's grievance "was in fact considered, investigated, and a proper decision was rendered" strongly suggest that the denial was on the merits. (ECF No. 30-2 at PageID.228.) Because there is a genuine issue of material fact, the MDOC Defendants have not met their burden to establish that Plaintiff did not exhaust his administrative remedies.

THEREFORE,

The December 30, 2019, Report and Recommendation (ECF No. 44) is **adopted** as the Opinion of the Court. The MDOC Defendants' objection to the R. & R. (ECF No. 45) is **overruled**. The MDOC Defendants' motion for summary judgment (ECF No. 32) is **denied**.

Defendant Downs' motion for summary judgment is **granted**.  (ECF No. 27.)  Plaintiff's claims against Defendant Downs are **dismissed with prejudice**.

    **IT IS SO ORDERED**


Dated: February 26, 2020                                        /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE