UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTIEN MARTIN #794831,                     Case No. 2:18-cv-00173

                     Plaintiff,          Hon. Gordon J. Quist
                                              U.S. District Judge

    v.

UNKNOWN GOINGS, et al.,

                  Defendants.
_____/

## REPORT AND RECOMMENDATION

### I.     Introduction

State prisoner Christien Martin filed this civil rights action pursuant to 42 U.S.C. § 1983.  In July 2017, Martin underwent surgery to remove screws and plates from his jaw after he developed an infection.  After his return to Chippewa Correctional Facility (URF) to recover from surgery, a nurse issued Martin a medical "detail" (essentially an authorization) that allowed him to access the medical center for pain management issues.  Correctional Officers (COs) Goings and MacDonald allegedly subjected him to cruel and unusual punishment in violation of the Eighth Amendment by refusing to honor Martin's medical detail.

The sole issue before the Court is whether Martin properly exhausted grievance **URF-17-07-2303-17z**, in which Martin complained about Goings's and MacDonald's conduct.

1

On February 2, 2020, the Court adopted a report and recommendation (R&R) that held there was a genuine issue of fact as to whether Martin properly exhaust grievance **URF-17-07-2303-17z**.   (ECF No. 46.)   On September 16, 2020, the undersigned held an evidentiary hearing to resolve the exhaustion issue, which is permitted by *Lee v. Willey*, 789 F.3d 673 (6th Cir. 2015).

The undersigned admitted into evidence the parties' Joint Exh. A (Michigan Dept. of Corrections (MDOC) Policy Directive (PD) 03.02.130, ECF No. 61-2), Joint Exh. B (Martin's Step III Grievance Report, ECF No. 61-3), Joint Exh. C (grievance documents relating to **URF-17-07-2303-17z**, ECF No. 61-4)), and the parties' stipulated facts (ECF No. 61, PageID.377).   Richard Russell, the MDOC's Step III Grievance Coordinator, and Plaintiff Martin testified.

The applicable law governing exhaustion is outlined in detail in the undersigned's earlier R&R addressing Defendants summary judgment motion.  (ECF No. 44, PageID.336-340.)

The undersigned has considered all of the evidence, testimony and argument presented during this hearing, and respectfully recommends that the Court find that Defendants failed to show by a preponderance of the evidence that Martin failed to properly exhaust grievance **URF-17-07-2303-17z**.

## II.    Analysis

The question before the Court is whether Defendants have shown by a preponderance of the evidence that MDOC did not consider grievance **URF-17-07-2303-17z** on the merits at Step III.  Some background is necessary before addressing

2

this point.  First, as the parties stipulated, Martin filed his Step I grievance on July 30, 2017.  (ECF No. 61, PageID.377.)  The prison assigned grievance identifier grievance **URF-17-07-2303-17z** to this grievance **and** addressed it on the merits at Step I.  (*Id.*)  Almost a year later, on June 28, 2018, Martin filed a Step II appeal. (*Id.*)  This appeal was rejected as untimely.  (*Id.*)  The rejection was returned to Martin on July 5, 2018.  Martin then filed a Step III appeal on July 18, 2018.  (*Id.*)

The critical question is what happened to Martin's grievance at Step III.

As shown below, the Step III grievance response issued by MDOC advised Martin that "[u]pon examination it has been determined  that your issue was in fact considered, investigated, and a proper decision was rendered."  The Step III response, which is Joint Exh. C, page 1 of 5, is shown below.  The document appears to have been signed by Richard D. Russell for MDOC.

3



RICK SNYDER
GOVERNOR

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

100259

17Z

| | | | |
|---|---|---|---|
| **To Prisoner:** | Martin | #: | 794831 |
| **Current Facility:** | URF | | |
| **Grievance ID #:** | URF-17-07-2303-17Z | | |
| **Step III Received:** | 7/18/2018 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". ==Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.==

==**THE STEP III APPEAL IS DENIED.**==

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

Date Mailed:   JUL 2 6 2018

cc: Warden, Filing Facility: URF

(ECF No. 61-4, PageID.392 (Joint Exh. C, page 1 of 5).)

As the undersigned noted in the R&R issued on December 30, 2019, this Step III response "indicates that the grievance was denied at Step III rather than rejected." (ECF No. 44, PageID.341.)  The undersigned also noted that "when prison officials waive procedural irregularities and decide the grievance on the merits, a prisoner has exhausted his administrative remedies."  (*Id.* (citing *Reed-Bey v. Pramstaller*, 603

4

F.3d 322, 325 (6th Cir. 2010); *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017).)

The undersigned also cited to the MDOC's Step III Grievance Report for Martin in support of its conclusion. (*Id.*, PageID.341.) This report was Joint Exh. B in the evidentiary hearing. Page 1 of 2 is shown below.



(ECF No. 61-3, PageID.389 (Joint Exh. B, page 1 of 2).)

The district court agreed and adopted the R&R over Defendants' objection, reasoning as follows:

> The question is whether the Step III denial amounts to a decision on the merits.  If yes,
> Plaintiff exhausted his administrative remedies.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 326 (6th
> Cir. 2010).  If no, Plaintiff did not exhaust his administrative remedies.  As Magistrate Judge
> Vermaat correctly concluded, whether the Step III denial is a decision on the merits is a genuine
> issue of material of fact.  The MDOC Defendants claim that the denial was simply a denial of the
> appeal of the Step II rejection and not a decision on the merits.  This argument is reasonable.  But
> the fact that the grievance was "denied" and not "rejected" and that the grievance denial states that
> Plaintiff's grievance "was in fact considered, investigated, and a proper decision was rendered"
> strongly suggest that the denial was on the merits.  (ECF No. 30-2 at PageID.228.)  Because there
> is a genuine issue of material fact, the MDOC Defendants have not met their burden to establish
> that Plaintiff did not exhaust his administrative remedies.

(ECF No. 46, PageID.347.)

During the evidentiary hearing, Richard Russell, MDOC's Step III grievance coordinator, testified that he did not personally review or respond to Martin's Step III appeal.  But he testified that Step III grievance appeals are handled in his office. And he testified as to the standard practices of grievance specialists in his office.

Russell stated that one of the Step III grievance specialists that he supervises reviewed and responded to Martin's Step III appeal.  But Russell said that he did not know which of his three grievance specialists reviewed Martin's Step III appeal. Russell explained that the grievance specialist (1) should have upheld the rejection of Martin's grievance, and (2) should have written in the Step III response that "the Step II rejection was upheld" or words to that effect.  Russell testified that the Step III appeal was incorrectly recorded as a "denial" in the MDOC's Step III Grievance Report due to a coding error that involved an intern.  Russell said that grievance

specialists lack the authority to review a grievance on the merits when reviewing a grievance that was properly rejected at an earlier step. In essence, Russell testified that the Step III response provided to Martin (Joint Exh. C, Page 1 of 5) and MDOC's Step III Grievance Report for Martin (Joint Exh. B, page 1 of 2) contained errors and did not accurately describe how Martin's Step III appeal was handled.

Defendants did not present testimony from the MDOC grievance specialist who actually handled Martin's Step III appeal. Thus, the undersigned must weigh the statement included in the Step III report (over Russell's signature) – that Martin's issue "was in fact considered, investigated, and a proper decision was rendered"[1] – against Russell's testimony regarding what an MDOC grievance specialist should have done and had authority to do in this case.[2]

It is important to note that the undersigned does not conclude that Russell lacks credibility. To the contrary, the undersigned concludes that Russell seemed completely credible.

But the fact remains that Russell lacks personal knowledge as to what actually happened when an MDOC grievance specialist reviewed Martin's Step III appeal.[3]

---

[1]    The parties stipulated to the admission of this exhibit. It appears to be record of regularly conducted activity that would fall within the hearsay exception in Fed. R. Evid. 803(6). Accordingly, the undersigned will consider the truth of the matter asserted in this out of court statement.

[2]    To the extent Russell is testifying as to a grievance specialist's propensity to handle a matter in a certain manner, that testimony is rejected. Fed. R. Evid. 404(b)(1).

[3]    Russell testified that he had not spoken to the grievance specialists to find out what happened in this case. Although Russell may, of course, speak to the MDOC grievance specialist who handled the case to find out what happened, he would not

Russell did not handle Martin's Step III appeal.  Russell testified as to what *should have happened*.  But if what *should have happened* actually did happen, then the response to Martin's Step III appeal would have indicated that the rejection of his grievance at Step II was upheld.  Instead, the words that were actually placed on the Step III response (Exh. C, page 1 of 5) and on the MDOC's Step III report (Exh. B, page 1 of 2) indicate that Martin's Step III appeal was addressed on the merits.  Given the contradictory nature of the MDOC's own documents and Russell's testimony, the undersigned concludes that Defendants have failed to show by a preponderance of the evidence that Martin did not exhaust his claims in grievance **URF-17-07-2303-17z.**

Although Martin testified, he had no personal knowledge of how the MDOC handled his Step III appeal, other than the information actually written on the response.

## III.  Recommendation

The undersigned respectfully recommends that the Court find Defendants have failed to establish by a preponderance of the evidence that Martin failed to properly exhaust his claims in grievance **URF-17-07-2303-17z**.  If the Court accepts the recommendation, then Martin's Eighth Amendment deliberate indifference claims against CO Goings and CO MacDonald will remain.

---

testify as to what he learned because that testimony would be inadmissible hearsay. Fed. R. Evid. 801, 802.

Dated:   September 23, 2020          /s/ *Maarten Vermaat*
                                     MAARTEN VERMAAT
                                     U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).